Filed 7/22/16  P. v. Belton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C081127 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04808) |
| v. | |
| CECIL LEON BELTON, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We briefly recount the facts and proceedings in accordance with *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.

At approximately 1:30 p.m. on August 5, 2015, defendant Cecil Leon Belton confronted his live-in girlfriend outside, in the courtyard of their home.  He punched her several times in the head and then picked up a cinder block to use on her head but she blocked it, causing an injury to her arm.  She fled toward a neighbor who called the

1

police.  The victim's arm was bleeding and had a large bruise.  She had swelling and bruising on her face.  She was transported to the hospital.  Defendant was arrested at home.  Cinder blocks were found outside.

The prosecutor presented evidence of defendant's prior domestic violence upon a former cohabitant.  Defendant also punched her in the head with his fists.

A jury convicted him of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a); undesignated section references are to this code; count one) with personal use of a deadly weapon, to wit, a cinder block (§ 12022, subd. (b)(1)) and assault with a deadly weapon, to wit, a cinder block (§ 245, subd. (a)(1); count two).  In bifurcated proceedings, the court found six prior prison term allegations (§ 667.5, subd. (b)) to be true.

The court sentenced defendant to state prison for an aggregate term of 10 years, that is, the midterm of three years for count one, plus one year for personal use of a weapon, as well as one year each for the six prior prison terms.  The court imposed and stayed a three-year term on count two.

Defendant appeals.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We do note an error in preparation of the amended abstract of judgment.  The trial court imposed a $300 restitution fine but the abstract erroneously reflects a $3,300 restitution fine as well as a corresponding $3,300 parole revocation restitution fine (parole fine).  Although the trial court did not impose a parole revocation restitution fine,

2

it is mandatory and must be in the same amount as the restitution fine. (§ 1202.45.) We order the abstract corrected to a reduced amount consistent with that actually imposed by the trial court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)[1]

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to reflect a $300 restitution fine and a corresponding $300 parole revocation restitution fine and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is affirmed.


      NICHOLSON      , Acting P. J.


We concur:


      ROBIE      , J.


      HOCH      , J.

---

[1] Defense appellate counsel sought to correct this error in the trial court but this court did not receive a copy of the corrected abstract if there was one.